UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES EDKINS,

　　　　　Plaintiff,

　　　　　　　　　　　　　　　　　　CASE NO. 4:13-CV-14421
　　v.　　　　　　　　　　　　　　　JUDGE MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　MAGISTRATE JUDGE PAUL KOMIVES

UNITED STATES OF AMERICA,

　　　　　Defendant.

_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS (docket #21)

I.　　　RECOMMENDATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
II.　　　REPORT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
　　　　A.　　Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
　　　　B.　　Legal Standards . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
　　　　C.　　Plaintiff's FTCA Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
　　　　　　　1.　　The FTCA Generally . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
　　　　　　　2.　　Personal Property Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
　　　　　　　3.　　Illegal Detention Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
　　　　D.　　Constitutional Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
　　　　　　　1.　　Denial of Property . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
　　　　　　　2.　　Illegal Detention . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
　　　　E.　　Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
III.　　　NOTICE TO PARTIES REGARDING OBJECTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*　　　*　　　*　　　*　　　*

I.　　　RECOMMENDATION: The Court should grant defendant's motion to dismiss.

II.　　　REPORT:

A.　　*Background*

　　　　Plaintiff Charles Edkins is a former federal prisoner.  At the times relevant to this action, plaintiff was incarcerated at the Federal Correctional Institution-Elkton in Lisbon, Ohio.  Plaintiff commenced this action on October 21, 2013, by filing a *pro se* complaint against defendant United

States of America pursuant to the Federal Tort Claims Act (FTCA).[1]

The basic facts are undisputed. Plaintiff was convicted of income tax evasion pursuant to his guilty plea in the United States District Court for the Western District of Michigan. On December 16, 2008, plaintiff was sentenced to a term of 48 months' imprisonment, to be followed by a term of three years' supervised release. *See* Def.'s Br., Ex. B. Plaintiff began serving his sentence at FCI-Elkton. Plaintiff appealed to the United States Court of Appeals for the Sixth Circuit. On November 18, 2010, the Sixth Circuit filed an opinion affirming plaintiff's convictions, but remanding for resentencing. Specifically, the Sixth Circuit held that the trial court had erred in applying a sentence enhancement for plaintiff having abused a position of public or private trust. *See United States v. Edkins*, 421 Fed. Appx. 511 (6th Cir. 2010). Plaintiff alleges that he "immediately went to BOP on site officials and expected immediate release or the Government petitioning the sentencing Court for continued detention pending resentencing." Compl., at 2. On January 6, 2011, plaintiff filed a *pro se* motion to be admitted to bail in the sentencing court. Plaintiff was "writted out" to the Western District for resentencing on January 19, 2011. On February 23, 2011, the district court denied plaintiff's motion to be released on bail, concluding that plaintiff was a flight risk and that "the court could very well return him to custodial status upon re-sentencing." Def.'s Br., Ex. F. On March 10, 2011, the district court resentenced plaintiff to a term of 41 months' imprisonment. The new judgment was filed on March 15, 2011, and two days later the Bureau of Prisons (BOP) recalculated plaintiff's sentence, computing a release date of January

---

[1]Plaintiff's complaint initially named, in addition to the United States, Attorney General Eric Holder and various employees of the Bureau of Prisons. Because the remedy provided in the FTCA "for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages," 28 U.S.C. § 2679(b)(1), the United States was substituted in place of all the individual defendants.

29, 2011.  Because this date had passed, plaintiff was released the same day.  *See* Compl., at 3; Def.'s Br., Ex. A at 5-6, Ex. G.

Plaintiff subsequently violated the terms of his supervised release and, on January 6, 2012, the district court sentenced plaintiff to an additional term of two years' imprisonment.  *See* Def.'s Br., Ex. A at 2-3, Ex. H.  Plaintiff served this term at the Federal Correctional Institution-Milan in Milan, Michigan.  The Bureau of Prisons calculated plaintiff's new release date, giving him credit for the 47 extra days he had spent in custody between January 30 and March 17, 2011.  *See id.*, Ex. A at 2-3. While incarcerated at FCI-Milan, petitioner filed two administrative claims against the BOP.  On October 23, 2012, plaintiff filed an administrative tort claim in which he claimed that, upon being writted out to the district court for resentencing, he was not permitted to take with him legal materials, proper clothing for appearing in court, up to $50 dollars in cash, and personal hygiene items, as permitted by BOP policy.  Plaintiff claimed $22,000.00 in damages.  *See* Def.'s Br., Ex. I.  The BOP treated plaintiff's claim as arising under 31 U.S.C. § 3723, which provides for small-claims damages for loss of or damage to personal property, rather than as a claim under the FTCA.  On February 5, 2013, the BOP denied the claim as untimely under § 3723(b), which requires a claim to be presented within one year after it accrues.  *See* Def.'s Br., Ex. I.  Second, on December 17, 2012, plaintiff filed an administrative tort claim asserting that he was illegally detained following the Sixth Circuit's decision vacating his sentence.  The BOP denied this claim on March 28, 2013, finding that the claim was untimely under the FTCA.  *See id.*, Ex. J.

Plaintiff commenced this action on October 21, 2013, pursuant to the FTCA.  He asserts two

claims: (1) illegal detention, based on 72 days of detention beyond his proper sentence;[2] and (2) denial of listed property, based on the failure of BOP officials to allow him to take property with him when he was writted out for resentencing.  The matter is currently before the Court on defendant's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(1), (b)(6), filed on May 12, 2014.  The Government argues that: (1) the Court lacks jurisdiction over plaintiff's denial of property claim pursuant to the detention of goods exception to the FTCA, 28 U.S.C. § 2680(c); (2) the Court lacks jurisdiction over plaintiff's illegal detention claim because plaintiff did not timely present his administrative claim; and (3) plaintiff's illegal detention claim fails as a matter of law because plaintiff cannot show that he was illegally detained under Ohio law.  Plaintiff filed a response to the motion on July 28, 2014.  In addition to responding to the Government's arguments, plaintiff asserts that the denial of his property deprived him of due process of law and interfered with his right to access the courts, and that his illegal detention violated his right to due process of law.  The Government filed a reply on August 11, 2014.

B.    *Legal Standards*

A motion to dismiss for failure to state a claim upon which relief can be granted is provided for in FED. R. CIV. P. 12(b)(6).  In order for a court to dismiss a complaint for failure to state a claim, it must appear beyond doubt that the party asserting the claim can prove no set of facts supporting his claim that would entitle him to relief.  *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  The party asserting the claim is not required to specifically set out the facts upon which he or she bases

---

[2]Plaintiff calculates this length by arguing that he was illegally detained from the time of the Sixth Circuit's decision on November 18, 2010, through his release on March 17, 2011 (a total of 119 days), less the 47 days for which he received credit upon being reincarcerated.

his claim. *Id.* at 47.  Rather, "a short and plain statement of the claim" pursuant to Fᴇᴅ. R. Cɪᴠ. P.

8(a)(2) gives the opposing party fair notice of the claim and the grounds upon which it rests. *See*

*Conley*, 355 U.S. at 47.  However, as the Supreme Court has recently explained, bare legal

conclusions need not be accepted by the Court, and a pleading must contain sufficient factual

allegations to show that the allegations are plausible:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v.*] *Twombly* , 550 U.S. 544 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557 (brackets omitted).
>
> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not

"show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 566 U.S. 662, 677-79 (2009) (parallel citations omitted).

Analysis of the parties' arguments in this case requires consideration of plaintiff's grievances, which were submitted by the parties in connection with defendants' earlier motion to dismiss. Ordinarily, a court can only decide a Rule 12(b)(6) motion on the basis of the pleadings; if the court considers matters outside the pleadings, the court must convert the motion into one for summary judgment under Rule 56.  *See Kostrzewa v. City of Troy*, 247 F.3d 633, 643-44 (6th Cir. 2001); *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997).  However, in deciding whether a complaint states a claim under Rule 12(b)(6) a court may consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim" without converting the motion into one for summary judgment. *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004); *see also*, *Realtek Indus., Inc. v. Nomura Secs.*, 939 F. Supp. 572, 575 n.1 (N.D. Ohio 1996).  Because they are matters of public record, the Court may take judicial notice of plaintiff's administrative claims without converting the motion into one for summary judgment.  *See Price v. Palmer*, No. 1:09cv172, 2009 WL 5219727, at *3 (W.D. Mich. Dec. 31, 2009) (citing cases); *Spruill v. Gillis*, 372 F.3d 218, 222 (3d Cir. 2004); *Walker v. Woodford*, 454 F. Supp. 2d 1007, 1021-23 (S.D. Cal. 2006).  Likewise, the Court may take judicial notice of, and therefore consider, the opinions and orders of the Western District of Michigan and the Sixth Circuit. *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994); *St. Louis Baptist Temple, Inc. v.*

*Federal Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979); *Isaac v. Jones*, 529 F. Supp. 175, 179 n.2 (N.D. Ill. 1981).

The standards for deciding a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) are the same as those discussed above for deciding a motion under Rule 12(b)(6). *See White v. United States*, 250 F. Supp. 2d 919, 920 (M.D. Tenn. 2003); *Gambino v. Rubenfeld*, 179 F. Supp. 2d 62, 67 (E.D.N.Y.), *aff'd*, 48 Fed. Appx. 22 (2d Cir. 2002).

C.   *Plaintiff's FTCA Claims*

1.   *The FTCA Generally*

"[I]t is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent." THE FEDERALIST No. 81, at 487 (Alexander Hamilton) (Clinton Rossiter ed. 1961). Thus, it is well established that "the United States, as sovereign, 'is immune from suit, save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Testan*, 424 U.S. 392, 399 (1976) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)) (alteration in original); *accord Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). It is also well established that "waivers of federal sovereign immunity must be 'unequivocally expressed' in the statutory text." *United States v. Idaho*, 508 U.S. 1, 6 (1993); *accord United States v. Williams*, 514 U.S. 527, 531 (1995); *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992).

The FTCA is a limited waiver of the sovereign immunity of the United States. *United States v. Kubrick*, 444 U.S. 111 (1979); *United States v. Orleans*, 425 U.S. 807 (1976). Under the FTCA,

the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting in the scope of his office or employment,

7

under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). In other words, the United States is liable for injury, property loss, or death caused by the negligent or wrongful acts of any government employee in the same manner and to the same extent as a private individual would be under the law of the place where the act occurred. 28 U.S.C. §§ 1346(b), 2674; *see also*, *United States Gold & Silver Invs., Inc. v. United States ex rel. Director, U.S. Mint*, 885 F.2d 620 (9th Cir. 1989). The FTCA "was designed primarily to remove the sovereign immunity of the United States from suits in tort." *Levin v. United States*, 133 S. Ct. 1224, 1228 (2013) (internal quotation omitted). However, the FTCA "did not create new causes of action where none existed before. . . . 'Its effect is to waive immunity from recognized causes of action and [is] not to visit the Government with novel and unprecedented liabilities.'" *Delehite v. United States*, 346 U.S. 15, 43 (1953) (quoting *Feres v. United States*, 340 U.S. 135, 142 (1950)). Accordingly, the law of the place where the act occurred governs the suit. *See* 28 U.S.C. § 1346(b). In order to state a claim, plaintiff must establish a prima facie case for liability under the law of the state in which the act occurred. *See Wardwell v. United States*, 764 F. Supp. 679, 681 (D. Me. 1991).

Further, under the FTCA, a claim must be presented to the appropriate federal agency before a tort action may be filed against the United States. *See* 28 U.S.C. § 2675(a). This section in pertinent part states:

An action shall not be instituted upon a claim against the United States for money damages for injury . . . caused by the negligence or wrongful act or omission of any employee of the government . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. . . .

8

28 U.S.C. § 2675(a). To satisfy this requirement courts require proof of: (1) written notice sufficient to enable the appropriate agency to investigate; and (2) a value placed on the claim. *Glarner v. United States*, 30 F.3d 697, 700 (6th Cir. 1994) (citing *Douglas v. United States*, 658 F.2d 445, 447 (6th Cir. 1981)). The administrative claim prerequisite is a jurisdictional requirement which cannot be waived. *See Rogers v. United States*, 675 F.2d 123, 124 (6th Cir. 1982); *Juide v. City of Ann Arbor*, 839 F. Supp. 497, 508 (E.D. Mich. 1993). The burden is on the plaintiff seeking recovery under the FTCA to plead facts demonstrating presentment of an administrative claim pursuant to 28 U.S.C. § 2675. *See In Re Agent Orange Prod. Liability Litig.*, 818 F.2d 210, 214 (2d Cir. 1987).

2.  *Personal Property Claim*

Defendant contends that the Court lacks jurisdiction over plaintiff's personal property claim, because that claim falls outside the waiver of sovereign immunity effected by the FTCA. The Court should agree. Although the FTCA generally waives the government's sovereign immunity for tort actions, the FTCA's "broad waiver of immunity is subject to a number of exceptions set forth in § 2680." *Millbrook v. United States*, 133 S. Ct. 1441, 1443 (2013). As relevant here, the FTCA does not apply to "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." 28 U.S.C. § 2680(c).[3] In *Ali v. Federal Bureau of Prisons*, 552 U.S. 214 (2008), the Supreme Court held that this exception applies to BOP officials, and thus bars suits by federal prisoners alleging loss of personal property. *See id.* at 227-28; *see also, Adekoya v. Federal Bureau of Prisons*, 381 Fed.

---

[3]An exception to this exception exists for claims based on the detention of goods which were seized for purpose of forfeiture. *See* Civil Asset Forfeiture Reform Act of 2000, 114 Stat. 211 (2000), codified at 28 U.S.C. § 2680(c)(1)-(4). This provision is not applicable here.

Appx. 35, 37 (2d Cir. 2010) (describing *Ali* as "holding that claims against correctional officers accused of mishandling property fall within the exception to the United States' waiver of sovereign immunity under the FTCA.").  Plaintiff argues that *Ali* does not apply here, because unlike the prisoner in *Ali* he is not suing for loss of the property, but for the BOP's failure to allow him to take the property with him when he was writted out for resentencing.  This distinction is irrelevant for purposes of the detention of goods exception in § 2680(c).  "The Supreme Court has construed this exception expansively to bar "'*any claim arising out of*' the detention of goods, includ[ing] a claim resulting from negligent handling or storage of detained property.'" *Schomaker v. United States*, 334 Fed. Appx. 336, 339 (1st Cir. 2009) (quoting *Kosak v. United States*, 465 U.S. 848, 854 (1984)) (emphasis added).  As the Court explained in *Ali*, the detention of goods exception "maintain[s] sovereign immunity for *the entire universe of claims* against law enforcement officers . . . 'arising in respect of' the 'detention' of property."  *Ali*, 552 U.S. at 228 (emphasis added).  Because plaintiff's claim "arises out of" the detention of his personal property by BOP officials, the claim falls within the exception set forth in § 2680(c).  Thus, the United States has not waived its sovereign immunity with respect to this claim, and the Court therefore lacks subject matter jurisdiction over the claim.[4]

3.    *Illegal Detention Claim*

---

[4]As noted above, the BOP initially construed plaintiff's property claim as arising under the small claims provision of 31 U.S.C. § 3723.  That provision allows "the head of an agency" to "settle a claim for not more than $1,000 for damage to, or loss of, privately owned property that . . . is caused by the negligence of an officer or employee of the United States Government acting within the scope of employment[.]" 31 U.S.C. § 3723.  Plaintiff expressly disavows any reliance on § 3723.  In any event, an agency's decision with respect to a claim under § 3723 is not subject to judicial review.  *See Wardell v. United States*, No. 11-CV-277, 2013 WL 4785989, at *6 (E.D. Ky. Sept. 4, 2013); *Madrigal-Negrette v. Lappin*, No. 12-CV-14012, 2012 WL 5843182, at *2 (Nov. 2, 2012) (Binder, M.J.), *magistrate judge's report adopted*, 2012 WL 5843170 (E.D. Mich. Nov. 19, 2012) (Goldsmith, J.); *Merrifield v. United States*, 14 Cl. Ct. 180, 183-84 (1988).

The Court should also conclude that it lacks subject matter jurisdiction over plaintiff's illegal detention claim.  As noted above, the government's waiver of sovereign immunity with respect to tort actions covered by the FTCA extends "only insofar as the plaintiff has exhausted his administrative remedies" as required by 28 U.S.C. § 2675(a).  *Blakely v. United States*, 276 F.3d 853, 865 (6th Cir. 2002).  To satisfy the exhaustion requirement, the claim submitted to the administrative agency must provided "'written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death.'" *Id.* (quoting *Lundstrum v. Lyng*, 954 F.2d 1142, 1145 (6th Cir. 1991) (per curiam)).  Further, the administrative claim must be filed within two years after the claim accrues, and within six months after the plaintiff receives final denial of the claim.  *See id.* (discussing 28 U.S.C. § 2401(b)).  Because plaintiff failed to comply with this requirement, his claim is barred.

Section 2401(b) provides that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it is presented."  Plaintiff argues that because the statute uses "or," his claim is timely so long as either (a) his administrative claim was filed within two years of accrual or (b) his civil action was filed within six months after mailing of the notice of denial.  This argument is without merit, as it has been explicitly rejected by the Sixth Circuit.  *See Ellison v. United States*, 531 F.3d 359, 361-62 (6th Cir. 2008) (concluding that the word "or" in the statute "means that the statute sets forth two different ways of barring an action on limitations grounds," rather than "two different ways of satisfying the limitations requirement," joining those circuit courts that "have explicitly considered and rejected [plaintiffs'] arguments that claimants must meet just

11

one of the two deadlines–either the administrative or the court one."). Thus, plaintiff's claim is "forever barred" if either his administrative claim was not filed within two years of accrual or his civil action was not filed within six months of the administrative denial.

Here, plaintiff's administrative claim was not filed within two years of accrual of the claim. Under the FTCA, a claim accrues "when a plaintiff knows of both the existence and the cause of his injury, and not at a later time when he also knows that the acts inflicting the injury may constitute" a tort. *Chomic v. United States*, 377 F.3d 607, 610 (6th Cir. 2004) (discussing *United States v. Kubrick*, 444 U.S. 111, 121-23 (1979)). Here, plaintiff alleges that he was illegally detained once the Sixth Circuit vacated his sentence on November 18, 2010, and that he immediately sought release from the BOP. At this time, plaintiff knew of both the existence and cause of his illegal detention, and thus his claim accrued on November 18, 2010. *Cf. Hall v. Administrative Office of U.S. Courts*, 496 F. Supp. 2d 203, 207 (D.D.C. 2007) (claim of prolonged wrongful imprisonment based on inaccuracies in presentence report accrued at time of sentencing, when plaintiff knew of the inaccuracies, and not several years later when probation officer failed to correct the presentence report). Because plaintiff did not file administrative claim until December 17, 2012, it was untimely, and plaintiff's claim is "forever barred." 28 U.S.C. § 2401(b).

Alternatively, plaintiff's illegal detention claim fails to state a claim upon which relief may be granted. As explained above, the FTCA "did not create new causes of action where none existed before" but merely "waive[s] immunity from recognized causes of action." *Delehite*, 346 U.S. at 43 (internal quotation omitted). Under the FTCA, the United States is liable only "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

12

In other words, "[i]n order to determine liability, the elements of state tort law must be applied." *Flechsig v. United States*, 991 F.2d 300, 304 (6th Cir. 1993). Here, the alleged wrongful imprisonment occurred in Ohio, and thus the Court must apply Ohio law. Under Ohio law, "[f]alse imprisonment occurs when a person confines another intentionally without lawful privilege and against his consent within a limited area for any appreciable time, however short." *Bennett v. Ohio Dep't of Rehab. & Corr.*, 573 N.E.2d 633, 636 (Ohio 1991). Because false imprisonment is a continuing tort, "a person who intentionally confines another cannot escape liability by arguing that he or she was initially privileged to impose confinement. Once the initial privilege expires, the justification for continued confinement expires and possible liability for false imprisonment begins." *Id*. Thus, "in the absence of an intervening justification, a person may be found liable for the tort of false imprisonment if he or she intentionally continues to confine another despite knowledge that the privilege initially justifying that confinement no longer exists." *Id*. The elements of this type of false imprisonment claim are: "(1) expiration of the lawful term of confinement; (2) intentional confinement beyond that expiration; and (3) knowledge that the privilege initially justifying the confinement no longer exists." *Corder v. Ohio Dep't of Rehab. & Corr.*, 640 N.E.2d 879, 881 (Ohio Ct. App. 1994).

Here, plaintiff cannot satisfy these elements because he cannot show that his lawful term of confinement expired or that the privilege justifying the confinement no longer existed. Under Ohio law, "an action for false imprisonment cannot be maintained where the wrong complained of is imprisonment in accordance with the judgment or order of a court, unless it appears that such judgment or order is void." *Bennett*, 573 N.E.2d at 637 (internal quotation omitted). Here, there is no question that plaintiff was incarcerated pursuant to a judgment of the United States District

13

Court for the Western District of Michigan.  The Sixth Circuit's decision vacating plaintiff's sentence and remanding for resentencing did not render that judgment void for purposes of the false imprisonment tort.  As the Ohio Court of Appeals has explained, no false imprisonment claim lies "when the plaintiff was incarcerated pursuant to a facially-valid judgment or order, even if the facially-valid judgment or order is later determined to be void." *Beachum v. Ohio Dep't of Rehab. & Corr.*, No. 11AP-635, 2012 WL 566786, at *2 (Ohio Ct. App. Feb. 21, 2012).  Moreover, the Sixth Circuit's decision did not entitle plaintiff to immediate release and thus remove the privilege justifying the BOP's continued confinement of plaintiff.  Pursuant to 18 U.S.C. § 3143 and FED. R. CRIM. P. 46(c), detention pending sentencing or appeal is the default rule, and the defendant bears the burden of demonstrating that he is not a flight risk or a danger to the community.  *See United States v. Ballard*, 874 F. Supp. 88, 90 (D. Del. 1995) (under § 3143, "during the post-conviction period, there is a statutory presumption in favor of detention."); *see also*, *United States v. Abuhamra*, 389 F.3d 309, 317-18 (2d Cir. 2004) (noting that "federal law disfavors release on bail" after conviction pending sentencing or appeal).  In particular, § 3143(b) governing detention pending appeal "appl[ies] to defendants . . . who are awaiting resentencing but whose convictions have been affirmed." *United States v. Olis*, 450 F.3d 583, 586 (5th Cir. 2006).  To be entitled to release pending resentencing, a defendant must show, *inter alia*, a likelihood that on resentencing he will receive a sentence shorter than the total time already served plus the expected duration of the resentencing process.  *See id.*; *United States v. Beckley*, 136 Fed. Appx. 555, 557 (4th Cir. 2005).  Plaintiff has cited, and I have found, no cases suggesting that a court of appeals decision remanding a defendant for resentencing entitles the defendant to immediate release in the absence of a motion for bail.  *Cf. United States v. Watkins*, 994 F.2d 1192, 1196 n.7 (6th Cir. 1993) (emphasis added)

14

(remanding for resentencing and noting that in light of the defendant's current release date and the possibility that the court might resentence him to a lesser term, the trial court "*may wish* to consider entertaining a motion for release pending resentencing pursuant to Rule 46(c) and 18 U.S.C. § 3143(a)."), *superceded on other grounds by* U.S.S.G. § 2B1.1, application noted 3(A)(ii); *United States v. Miller*, No. 90-1554, 1990 WL 75177, at *1 (6th Cir. June 7, 1990) (noting that "[o]n remand, the defendant moved the district court for release on bond pending resentencing," which was denied). Indeed, plaintiff filed a motion for release on bond pending resentencing in the trial court, and that court denied the motion. *See* Def.'s Br., Exs. D, F.

In short, plaintiff cannot show that his detention following the Sixth Circuit's decision was in any way illegal. Thus, even if the Court had jurisdiction over this claim, it fails as a matter of law.

D.    *Constitutional Claims*

In his response to defendant's motion, plaintiff changes tack and argues that the actions of the BOP officials deprived him of various constitutional rights. At the outset, these claims are not properly before the Court. Plaintiff's complaint is clearly denominated as one brought "pursuant to the Federal Tort Claims Act," Compl., at 1, and does not purport to assert any constitutional claims. A non-moving party plaintiff may not raise a new legal claim for the first time in response to the opposing party's motion to dismiss. *See Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005). In any event, the asserted constitutional claims fail as a matter of law.[5]

---

[5]In *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court held that the Constitution implies a damages remedy against federal officers for the violation a person's Fourth Amendment rights. *See id.* at 390-97. This implied damages remedy has since been expanded to include other constitutional violations. *See, e.g., Carlson v. Green*, 446 U.S. 14, 18-20 (1980) (Eighth Amendment); *Davis v. Passman*, 442 U.S. 228, 234-35 (1979) (equal protection); *Butz v. Economou*, 438 U.S. 478, 496-504 (1978) (First and Fifth Amendments). For the most part, the *Bivens*

1.    *Denial of Property*

With respect to his denial of property claim, plaintiff contends that he was denied his property without due process of law and that the denial of his property interfered with his right to access the courts.  These claims are without merit.  With respect to the due process claim, because the Due Process Clause protects against only those deprivations of life, liberty, or property that are "without due process of law," the Supreme Court has recognized that the deprivation of an inmate's property does not violate due process if the government provides an adequate remedy to redress the wrong.  *See Parratt v. Taylor*, 451 U.S. 527, 537 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327, 328 (1986) (negligence does not amount to a "deprivation" at all, thus the Due Process Clause is not implicated).  Thus, "an unauthorized intentional deprivation of property by a [government] employee does not constitute a violation of the procedural requirements of the Due Process Clause . . . if a meaningful postdeprivation remedy for the loss is available."  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  In asserting a violation of procedural due process, a plaintiff must plead and prove that available procedures for redressing the wrong are not adequate.  *See Vicory v. Walton*, 721 F.2d 1062, 1065-66 (6th Cir. 1983); *see also, Wilson v. Beebe*, 770 F.2d 578, 584 (6th Cir. 1985) (en banc).  Here, plaintiff had adequate post deprivation remedies available to address the wrong.  He had the ability to seek formal review of any issue relating to his confinement,

---

doctrine serves as a counterpart to suits against state officers under 42 U.S.C. § 1983.  *See Butz*, 438 U.S. at 504.  Accordingly, except for rulings regarding the state action requirement, the decisional law developed under § 1983 has been fully applied to *Bivens* suits.  *See, e.g., id.* at 496-504; *Carlson*, 446 U.S. at 21-22; *Shaner v. United States*, 976 F.2d 990, 995 n.7 (6th Cir. 1992).

A *Bivens* claim may be asserted only against individual federal officers; it may not be brought against the federal government or a federal agency.  *See Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994).  Because this case was pleaded by plaintiff as an FTCA case, the United States was substituted in place of the individual defendants, and thus no individual federal officers remain in the case against whom a *Bivens* claim could be asserted.

*see* 28 C.F.R. §§ 542.10-.19, and to seek an administrative tort remedy, *see* 28 C.F.R. §§ 543.30-.32. Plaintiff also could have sought settlement of his claim under 31 U.S.C. § 3723 or 31 U.S.C. § 3724. These procedures constitute an adequate post-deprivation remedy barring plaintiff's due process claim relating to his property. *See Hurst v. Snider*, 530 Fed. Appx. 168, 169 (3d Cir. 2013); *Toney v. Sassaman*, 2014 WL 1056826, at *11 (M.D. Pa. Mar. 18, 2014); *Hoskins v. Craig*, No. 11-296, 2013 WL 675734, at *2-*3 (S.D. Ill. Feb. 25, 2013).

Nor can plaintiff show that the denial of his property while he was writted out for resentencing interfered with his right of access to the courts. Although prisoners have a fundamental right of access to the courts, *see Bounds v. Smith*, 430 U.S. 817, 821 (1977), a prisoner asserting a denial of access to courts claim must satisfy the constitutional standing requirement by alleging an actual injury. *See Lewis v. Casey,* 518 U.S. 343, 349, 351-53 (1996). To meet this requirement, a plaintiff must show that the actions of the prison officials "hindered the prisoner's efforts to pursue a nonfrivolous claim." *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996); *accord Lewis*, 518 U.S. at 353; *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996); *Stewart v. Block*, 938 F. Supp. 582, 586 (C.D. Cal. 1996) (plaintiff must show "a specific instance in which he was actually denied access to the courts.") (internal quotation omitted). Further, "the injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. The right of access to the courts "does not guarantee inmates the wherewithal to transform themselves into litigating engines," and thus the right is limited to safeguarding prisoners' ability "to attack their sentences, either directly or collaterally, and in order to challenge the conditions of their confinement." *Id.* at 355. In other words, "a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir.1999) (en banc).

17

Under *Lewis,* dismissal is appropriate where a prisoner fails to allege a specific, litigation-related detriment resulting from the prison official's conduct. *See Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). As the Supreme Court has explained, to establish an access to courts claim,

> the named plaintiff must identify a nonfrivolous, arguable, underlying claim . . . . It follows that the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation. It follows, too, that when the access claim (like this one) looks backward, the complaint must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought. There is, after all, no point in spending time and money to establish the facts constituting denial of access when a plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element.

*Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

Here, plaintiff has failed to allege, or provide evidence of, any specific, litigation-related detriment resulting from defendant Cooke's alleged actions, nor has he identified "a nonfrivolous, arguable, underlying claim," *Christopher*, 536 U.S. at 415, lost by defendant's actions. In his response, plaintiff asserts no more than a general claim that the property he was not permitted to have included "essential legal materials" necessary for his resentencing. *See* Pl.'s Resp., at 3, 5. He does not allege that, because of the BOP officials' actions, he lost a nonfrivolous claim challenging his conviction or conditions of confinement or some claim for a lower sentence, as is his burden. *See Christopher*, 536 U.S. at 415. Plaintiff's case was remanded to the trial court for the limited purpose of resentencing without an enhancement for abuse of a position of trust. *See Edkins*, 421 Fed. Appx. at 518, 519. Plaintiff's subsequent motion to vacate his reimposed sentence under 28 U.S.C. § 2255 was subsequently denied by the trial court. *See United States v. Edkins*, No. 1:05-cr-151, 2013 WL 542473 (W.D. Mich. Feb. 12, 2013). And although plaintiff contends that these papers were necessary for his resentencing, plaintiff himself filed a motion to waive his

appearance in the trial court, asserting his belief "that all matters before the court presently have been fully presented and that Defendant can offer no new evidence to the court on those matters." Mot. to Waive Appearance, in *United States v. Edkins*, No. 1:05-cr-151 (W.D. Mich.), filed Jan. 20, 2011. Plaintiff also filed a *pro se* sentencing memorandum on March 8, 2011. *See id.* In short, plaintiff has identified no non-frivolous argument challenging the computation or imposition of his sentence that he lost by being denied access to his legal materials. Thus, he does not have a viable access to courts claim.

       2.    *Illegal Detention*

       Nor can plaintiff establish a *Bivens* claim for illegal detention or wrongful imprisonment. As explained above, plaintiff cannot show that his continued imprisonment by the BOP following the Sixth Circuit's decision was "'wrongful' or 'false,'" and thus plaintiff "has failed to state a claim under . . . *Bivens* . . . for wrongful imprisonment." *Smith v. United States*, No. 4:10CV-P47, 2010 WL 3927506, at *4 (W.D. Ky. Oct. 4, 2010).

E.    *Conclusion*

       In view of the foregoing, the Court should conclude that petitioner's denial of property claim is excepted from the FTCA by 28 U.S.C. § 2680(c), and that the Court therefore lacks jurisdiction over this claim. The Court should likewise conclude that it lacks jurisdiction over plaintiff's illegal detention claim because plaintiff failed to file a timely administrative claim. Alternatively, the Court should conclude that plaintiff has failed to state a claim upon which relief may be granted with respect to his alleged illegal detention. Finally, to the extent any constitutional claims under *Bivens* are properly before the Court, the Court should likewise conclude that those claims fail to state a claim upon which relief may be granted. Accordingly, the Court should grant defendant's motion

to dismiss.

III.    <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: September 8, 2014,                    s/Paul J. Komives_____
                                             PAUL J. KOMIVES
                                             UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on September 8, 2014, electronically and/or by U.S. Mail.

                                             s/Michael Williams_____
                                             Case Manager to the
                                             Honorable Paul J. Komives