UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES EDKINS, #80260-004,

    Plaintiff,

vs.

Civil Action No. 13-CV-14421
HON. MARK A. GOLDSMITH

UNITED STATES OF AMERICA,

    Defendant.
_____/

**OPINION AND ORDER (1) ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Dkt. 27), (2) OVERRULING PLAINTIFF'S OBJECTIONS (DKT. 30), (3) GRANTING DEFENDANT'S MOTION TO DISMISS (DKT. 21), and (4) DISMISSING THE COMPLAINT (DKT. 1) WITH PREJUDICE**

## I. INTRODUCTION

This is a pro se action filed by Plaintiff Charles Edkins against Defendant, the United States, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1).[1] Plaintiff, a former federal prisoner, alleges (i) that Bureau of Prison ("BOP") officials wrongfully deprived Plaintiff of certain property to which he was entitled when Plaintiff was writted out for resentencing, and (ii) that BOP officials illegally detained Plaintiff in federal custody after a Sixth Circuit decision vacating Plaintiff's sentence and remanding his case for resentencing. The matter was referred to the Magistrate Judge for all pre-trial proceedings. See Order of Reference (Dkt. 7).

Defendant filed a motion to dismiss the Complaint, arguing first that the Court lacked subject-matter jurisdiction over the claims, and second that Plaintiff failed to state a claim upon

---

[1] Plaintiff's Complaint also makes passing references to alleged constitutional violations, which are discussed in more detail, infra.

which relief could be granted. Def. Mot. at 1 (Dkt. 21). On September 8, 2014, Magistrate Judge Paul J. Komives issued a Report and Recommendation ("R&R") (Dkt. 27), recommending that Defendant's motion to dismiss be granted. Plaintiff filed objections to the Magistrate Judge's recommendation (Dkt. 30), and Defendant filed a response (Dkt. 31). The Court reviews de novo any portion of the R&R to which specific objections are filed. Fed. R. Civ. P. 72(b)(3). For the reasons stated below, the Court overrules Plaintiff's objections, accepts the recommendation contained in the R&R, grants Defendant's motion, and dismisses the Complaint in its entirety.[2]

## II.  ANALYSIS

### A. Objection 1: Personal Property Claim

The Magistrate Judge recommended that Plaintiff's claim for deprivation of certain personal property, made pursuant to the FTCA, be dismissed, because it falls within an exception to the waiver of sovereign immunity contained in the FTCA, thereby depriving the Court of subject-matter jurisdiction over the claim. R&R at 9-10.

As explained in the R&R, the FTCA is a limited waiver of the sovereign immunity of the United States from suits in tort. As relevant here, the FTCA provides as follows:

> [T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

---

[2] The R&R adequately sets forth the factual background underlying this case and Plaintiff raises no issue with that factual description. Accordingly, the Court need not provide a more detailed recitation of the facts here.

2

28 U.S.C. § 1346(b)(1). The FTCA contains a number of exceptions to this limited waiver, and, because "the United States can be sued only to the extent that it has waived its immunity, due regard must be given to [those] exceptions." United States v. Orleans, 425 U.S. 807, 814 (1976). One such exception precludes "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." 28 U.S.C. § 2680(c).[3] "Law enforcement officer" has been broadly construed to include federal BOP officials. Ali v. Fed. Bureau of Prisons, 552 U.S. 214, 216 (2008). The Magistrate Judge concluded that § 2680(c) barred Plaintiff's claim.

In his objection, Plaintiff asserts that the BOP intentionally deprived Plaintiff of "his essential Legal Matters for re-sentencing." Obj. at 3 (cm/ecf page). Plaintiff claims that this deprivation "was a clear violation of the protections afforded citizens under the [Fifth] Amendment thus further negating any [p]rotections afforded by sovereign [i]mmunity under the FTCA." Id. at 4 (cm/ecf page). Plaintiff further claims that, "[p]ursuant to Ali" he "never alleged that the Government 'lossed [sic] any of [his] Personal Property,'" but, rather, the alleged deprivation was "an intentional and malicious attempt to handicap and strip [] Plaintiff of his [Fifth] Amendment right at having any chance at a fair and just [r]e-sentencing." Id.[4] Plaintiff additionally claims that the resentencing was performed without his court-appointed attorney and

---

[3] As noted by the Magistrate Judge in his R&R, this exception does not apply to "property [] seized for the purpose of forfeiture," a circumstance not present here. 28 U.S.C. § 2680(c)(1).

[4] The Court presumes that Plaintiff is referring to Ali v. Federal Bureau of Prisons, 552 U.S. 214 (2008), as referenced in the R&R in connection with Plaintiff's personal property claim. See R&R at 9.

that he never received any notice prior to the resentencing. Id.[5]

In response, Defendant asserts that the Magistrate Judge correctly found that the "detention of goods" exception to the FTCA effectively bars Plaintiff's claim that he was deprived of certain personal property, including legal materials, upon transfer for his resentencing. Def. Resp. at 3 (Dkt. 31). Relying on Ali v. Federal Bureau of Prisons for the proposition that federal inmates cannot sue the United States under the FTCA for all claims with respect to the detention of property by the BOP, Defendant argues that Plaintiff's allegations that he was denied his personal property "clearly 'arise in respect of' the 'detention' of property." Def. Resp. at 3-4.

Although Plaintiff's arguments on this point are not entirely clear, Plaintiff appears to be making two separate objections to the Magistrate Judge's R&R: first, that Defendant cannot claim sovereign immunity in the face of an alleged constitutional violation under the Fifth Amendment; and second, that Ali is inapplicable because Plaintiff did not allege a loss of property per se, but, rather, Plaintiff alleged that the BOP did not allow him to take certain property with him when he was writted out for resentencing. Both arguments lack merit, and the Court agrees that Plaintiff's personal property claim pursuant to the FTCA should be dismissed.

To the extent Plaintiff argues that sovereign immunity does not bar a constitutional claim under the Fifth Amendment, the Court finds that such a claim does not properly fall within the FTCA, which "provides generally that the United States shall be liable, to the same extent as a private party, 'for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" Kosak v. United States, 465 U.S. 848, 851-852 (1984) (quoting 28

---

[5] These last two objections appear to bear no relevance to Plaintiff's FTCA claims, and are therefore addressed in further detail in a later section of this decision.

U.S.C. § 1346(b)). Accordingly, a claim for an alleged constitutional abuse under the Fifth Amendment would need to be presented as such, rather than packaged as a claim under the FTCA.[6]

To the extent Plaintiff argues that the FTCA exception regarding the detention of goods is inapplicable because he alleged a <u>denial</u> of property, as opposed to a loss of, or injury to, property, Plaintiff provides no authority supporting such a narrow reading of the exception. Indeed, the question confronting the Supreme Court in <u>Kosak</u> was whether the FTCA "detention of goods" exception "cover[ed] only claims 'for damage caused by the detention itself,'" or whether it encompassed "all injuries to property sustained during its detention by customs officials." <u>Id.</u> at 852-853. The Supreme Court understood "damage caused by the detention itself" to mean, for example, "harms attributable to an illegal detention, such as a decline in the economic value of detained goods[,] . . . injury resulting from deprivation of the ability to make use of the goods during the period of detention, or consequential damages resulting from lack of access to the goods." <u>Id.</u> at 852. The Court similarly understands Plaintiff to be alleging an injury of this type as a result of the denial of his property. Notably, however, the Supreme Court in <u>Kosak</u> questioned the viability of such injuries under the FTCA:

> In view of the fact that the Tort Claims Act permits recovery only of "money damages . . . for injury or loss of property, or personal injury or death," it is unclear whether, even in the absence of § 2680(c), any of the foregoing sorts of damage would be recoverable under the Act. If the sorts of damages that, under petitioner's theory, are covered by § 2680(c) would not be recoverable in any event because of the limitation built into § 1346(b), § 2680(c) would be mere surplusage. The unattractiveness of such a construction of the statute would cast considerable doubt on petitioner's position. However, because the question of the scope of § 1346(b) has not been briefed or argued

---

[6] As discussed in more detail, <u>infra</u>, the Court also finds that any constitutional claims purportedly pressed by Plaintiff were not properly pled in Plaintiff's Complaint.

>in this case, we decline to rely on any inferences that might be drawn therefrom in our decision today.

Id. at 852, n.7 (ellipsis in original) (internal citations omitted).

Nonetheless, the Supreme Court found that "the fairest interpretation of the crucial portion of the provision is the one that first springs to mind: 'any claim arising in respect of' the detention of goods means any claim 'arising out of' the detention of goods, and includes a claim resulting from negligent handling or storage of detained property." Id. at 854. Thus, the Supreme Court appears to have assumed that claims for injuries caused by the detention itself would fall within the exception, in addition to claims for injuries resulting from negligence in handling or storing the property.

The crux of Plaintiff's allegation is that he was due certain personal property upon his resentencing, but that the BOP continued to detain those items in violation of its own rules and regulations. See Compl. at 3 (cm/ecf page) (Dkt. 1). Accordingly, while the Court shares the Supreme Court's concern as to whether the type of injury complained of by Plaintiff would even be cognizable under the FTCA, Plaintiff's claim is clearly one that arises out of the detention of goods, and is therefore barred by the "detention of goods" exception, as listed in § 2680(c).

**B. Objection 2: Illegal Detention Claim**

The Magistrate Judge also found that Plaintiff's illegal detention claim under the FTCA should be barred because (i) Plaintiff's administrative claim of the same was untimely, thereby failing to satisfy the jurisdictional exhaustion requirement for lawsuits under the FTCA; and (ii) Plaintiff had failed to state a claim for illegal detainment under Ohio law. R&R at 10-15.[7]

---

[7] As noted supra, the law of the place where the alleged act or omission occurred governs the extent, if any, of the government's liability. See 28 U.S.C. § 1346(b)(1). At the time of Plaintiff's allegedly unlawful detention, Plaintiff was incarcerated at the Federal Correctional Institution-Elkton in Lisbon, Ohio. R&R at 1. Therefore Ohio law governs Plaintiff's illegal detention claim.

The FTCA operates as a waiver of sovereign immunity only insofar as a litigant has exhausted his administrative remedies. 28 U.S.C. § 2675(a). The timely filing of an administrative claim is a jurisdictional prerequisite that cannot be waived. Rogers v. United States, 675 F.2d 123, 124 (6th Cir. 1982). To pursue a tort claim against the United States, a litigant must file a written claim with the appropriate federal agency "within two years after such claim accrues." 28 U.S.C. § 2401(b).

Plaintiff first objects on the grounds that the administrative claim accrued throughout the length of his allegedly unlawful detainment and, as the administrative claim was filed within two years of the end of that period, was timely filed. Obj. at 4 (cm/ecf page). Plaintiff also argues that, when the Sixth Circuit vacated his sentencing order, that decision caused the lawful term of Plaintiff's confinement to expire under Ohio law and, therefore, the United States should have filed a motion to lawfully continue any detention beyond that point. Id.

In response, Defendant argues that Plaintiff's claim accrued at the time Plaintiff knew of the existence and cause of the purportedly unlawful confinement, i.e., the date the sentencing order was vacated. Def. Resp. at 5. Thus, in Defendant's view, Plaintiff was required to file his administrative claim within two years from that date, but failed to do so. Id. Defendant also argues that the Sixth Circuit's decision to remand Plaintiff's case for resentencing did not entitle Plaintiff to immediate release, because there is authority permitting prisoners to be detained pending sentencing. Id. at 6. Moreover, Defendant continues, Plaintiff actually filed a motion to be released on bond pending resentencing, but the motion was denied because it was likely that Plaintiff would be returned to custody upon resentencing and the sentencing judge viewed Plaintiff as a flight risk. Id. at 6-7.

While not explicitly stating as much, Plaintiff appears to be arguing that because he was subjected to a continuing tort his claim did not accrue until the allegedly tortious conduct terminated. Accordingly, because his administrative claim was filed within two years of his release, Defendant contends his claim was timely filed. There is some authority for Plaintiff's proposition, see, e.g., Hoery v. United States, 324 F.3d 1220, 1222 (10th Cir. 2003); Page v. United States, 729 F.2d 818, 821-822 (D.C. Cir. 1984), although it appears that the Sixth Circuit has not yet addressed the issue. See Cole v. Growse, No. 07-CV-61-KSF, 2008 WL 695355, at*4 (E.D. Ky. March 12, 2008). However, assuming arguendo that Plaintiff's claim did not accrue until his release and, therefore, his administrative claim was timely filed, Plaintiff has failed to state a claim for unlawful imprisonment under Ohio law, and therefore his claim may be dismissed on those grounds.

To make out a claim for unlawful imprisonment, Plaintiff must demonstrate that he was "confined [] intentionally without lawful privilege and against his consent in a limited area for a non-trivial period of time." Williams ex rel. Allen v. Cambridge Bd. of Educ., 370 F.3d 630, 642 (6th Cir. 2004) (citing Feliciano v. Kreiger, 362 N.E.2d 646, 647 (Ohio 1977)); see also Radvansky v. City of Olmsted Falls, 395 F.3d 291, 315 (6th Cir. 2005) ("To prevail on a claim for [false imprisonment], the plaintiff must demonstrate: '(1) the intentional detention of the person and (2) the unlawfulness of the detention.'" (quoting Hodges v. Meijer, Inc., 717 N.E.2d 806, 809 (Ohio 1998))). Furthermore, "[t]he detention must be 'purely a matter between private parties for a private end' in which there is no intention of bringing an individual before a court." Williams ex rel. Allen, 370 F.3d at 642 (quoting Rogers v. Barbera, 164 N.E.2d 162, 164 (Ohio 1960)). Although an individual may have at one point been lawfully detained or confined, "[o]nce the initial privilege expires, the justification for continued confinement expires and

8

possible liability for false imprisonment begins." Bennett v. Ohio Dep't of Rehab. & Corrs., 573 N.E.2d 633, 636 (Ohio 1991). Here, Plaintiff cannot show that he was ever unlawfully held.

Plaintiff relies on Bennett for the proposition that, where an order is void or vacated an action for false imprisonment can be maintained, and argues that once the Sixth Circuit vacated his sentencing and restitution order, the lawful term of his confinement expired. Obj. at 4 (cm/ecf page). However, the premise underlying Plaintiff's position is only partially correct. Under Ohio law "an action for false imprisonment cannot be maintained when the imprisonment is in accordance with the judgment or order of a court, unless it appears such judgment or order is void on its face." Beachum v. Ohio Dep't of Rehab. & Corr., No. 11AP-635, 2012 WL 566786, at *2 (Ohio Ct. App. Feb. 21, 2012). Facially invalid judgments or orders are only those which contain errors on the face of the document that call into question the validity of the judgment or the order. Id. "Facial invalidity does not require the consideration of extrinsic information or the application of case law." Id.

In Plaintiff's underlying criminal case, the Sixth Circuit found that the district court improperly applied a sentencing enhancement for abuse of a position of trust. See United States v. Edkins, 421 F. App'x 511, 517-518 (6th Cir. 2010). In reversing the district court on that issue, the Sixth Circuit considered both the sentencing guidelines and case law interpreting those guidelines. See id. Notwithstanding the ultimate reversal, because the Sixth Circuit considered extrinsic information and the application of case law, the sentencing order under which Plaintiff was being held was not "void on its face." Accordingly, Plaintiff cannot proceed with his false imprisonment claim under Ohio law.

Furthermore, Plaintiff has not shown that BOP officials detained him without any intention of bringing him before a court or that the circumstances justifying his confinement had

9

expired. Indeed, not only did Plaintiff have an opportunity to request his release on bond pending resentencing — a request that was denied — Plaintiff was also ultimately brought before the sentencing court and resentenced in accordance with the Sixth Circuit's remand. See Motion to Admit Defendant to Bail, Def. Ex. D to Mot. to Dismiss (Dkt. 21-5); Order Denying Motion to Admit Defendant to Bail, Def. Ex. F to Mot. to Dismiss (Dkt. 21-7); Second Amended Judgment, Def. Ex. G to Mot. to Dismiss (Dkt. 21-8). As the R&R explained, the Sixth Circuit has indicated that there is nothing improper about the continued detention of a prisoner awaiting resentencing. See, e.g., United States v. Watkins, 994 F.2d 1192, 1196 n.7 (6th Cir. 1993) (commenting that, "the court may wish to consider entertaining a motion for release pending resentencing pursuant to Rule 46(c) and 18 U.S.C. § 3143(a).") superseded by statute on other grounds. Upon his new sentencing calculation, Plaintiff was immediately released, and he later received credit for the time over-served on a subsequent release violation. R&R at 2-3. Because Plaintiff has failed to state a claim for false imprisonment under Ohio law, this claim, too, must be dismissed.

    **C. Objections 3 and 4: Constitutional Claims for Denial of Property and Illegal Detention**

In addition to Plaintiff's FTCA claims, the R&R also addresses — and recommends dismissal of — certain constitutional claims proffered by Plaintiff in his response to Defendant's motion to dismiss. R&R at 15. The R&R first notes that such constitutional claims are not properly before the Court, as "Plaintiff's complaint is clearly denominated as one brought 'pursuant to the Federal Tort Claims Act,' and does not purport to assert any constitutional claims." Id. (internal citation omitted). However, the R&R also went on to suggest that Plaintiff's constitutional claims should also fail as a matter of law. Id.

10

Defendant's response to Plaintiff's objections argues that Plaintiff failed to object to the R&R's recommendation that Plaintiff's constitutional claims were not properly presented and, therefore, Plaintiff has waived his ability to challenge that conclusion. Def. Resp. at 8. However, in his objections, Plaintiff makes statements that could be construed as objecting to the Magistrate Judge's conclusion that any constitutional claims were not properly presented. First, Plaintiff states that, "[a]s a Pro Se Petitioner I have clearly established and set forth the facts in which the BOP violated both my [Fifth] and [Eighth] Amendment Constitutional rights." Obj. at 3 (cm/ecf page). Second, Plaintiff states that, "[this] is not an FTCA Claim for negligence on the part of BOP officials." Id. at 5 (cm/ecf page). Consequently, the Court, out of an abundance of caution, will subject the Magistrate Judge's recommendation that any constitutional claims are not properly before the Court to a full de novo review.[8]

Plaintiff's Complaint states that it "is a summons and complaint pursuant to the Federal Tort Claims Act." Compl. at 1 (cm/ecf page). The Complaint further states that the "action is supported by . . . [the] Federal Tort Claims Act." Id. at 2 (cm/ecf page). However, the Complaint also suggests that "[the BOP] has also abused [Plaintiff's] Constitutional rights in their disregard of the [Fifth], [Sixth,] and [Fourteenth] amendments." Id. at 5 (cm/ecf page). Nowhere in the Complaint does Plaintiff set forth specific facts underlying any alleged constitutional violations.

"[C]ourts [are] to construe pleading[s] liberally within the standards of the notice-pleading regime mandated by the Federal Rules of Civil Procedure." Minger v. Green, 239 F.3d 793, 799 (6th Cir. 2001). Courts must "not rely solely on labels," but "probe deeper and

---

[8] However, the Court agrees with Defendant that Plaintiff's references to Eighth Amendment violations are not at issue in this case. Plaintiff's Complaint does not reference any Eighth Amendment violation, and the facts alleged by Plaintiff in his objections to support the purported violation form the basis for a separate action by Plaintiff that was formerly before this Court and is now pending on appeal. See Edkins v. Higham, et al., Case No. 13-cv-11364.

examine the substance of the complaint." Id. However, the complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While a court must construe all factual allegations in the complaint as true, the same courtesy is not extended to bare legal conclusions, even where such conclusions are couched as factual allegations. Id. at 678-679. Moreover, the complaint's factual allegations must give rise to a "plausible claim for relief." Id. at 679. That is, the facts must "permit the court to infer more than the mere possibility of misconduct." Id.

With this standard in mind, and even when construing the Complaint liberally, the Court is unable to make out a set of facts that, if true, would set forth a plausible claim for relief under the Constitution. The Complaint's only references to the alleged constitutional violations come in the form of summary legal conclusions, which are entitled to no deference. See Compl. at 5 (cm/ecf page) ("[The BOP] has also abused my Constitutional rights in their [sic] disregard of the [Fifth], [Sixth,] and [Fourteenth] amendments."); ("The Defendants have clearly violated not only their own written policy statements but Amendments to our Constitution in which these protect it's [sic] citizens from governmental over reach [sic].").

In his objections, Plaintiff also states that the denial of his "[l]egal matters" prevented him from attacking the "re-sentencing calculations either directly or collaterally" in violation of his due process rights. Obj. at 5 (cm/ecf page). Notably, these allegations were not raised in Plaintiff's Complaint. Rather, they appear to have been raised for the first time in a sur-reply to Defendant's motion to dismiss. See Pl. Sur-Reply at 4 (Dkt. 26). It is well-established that new arguments may not be raised for the first time in a reply brief. United States v. Rhodes, No. 96-1312, 1997 WL 123754, at *1 (6th Cir. March 18, 1997). Furthermore, Plaintiff may not attempt to cure his deficient pleading by alleging additional facts — which are still vague and

conclusory — in a sur-reply to a motion to dismiss. See Montesi v. Nationwide Mut. Ins. Co., 970 F. Supp. 2d 784, 792 (W.D. Tenn. 2013) ("Additionally, the complaint is devoid of any factual allegations to support this new assertion, and moreover, new dates or facts in [plaintiff's] response cannot remedy a pleading deficiency."); Jocham v. Tuscola Cnty., 239 F. Supp. 2d 714, 732 (E.D. Mich. 2003) ("The pleading contains no such allegation, and the plaintiffs may not amend their complaint through a response brief."); Boddy v. Astec, Inc., No. 1:11-CV-123, 2012 WL 5507298, at *12 (E.D. Tenn. Nov. 13, 2012) (court will not consider additional arguments supplementing a plaintiff's claim for relief raised for first time in a reply brief).

However, even if the Court was to entertain the allegations contained in Plaintiff's sur-reply and in his objections, such an action could not be maintained against the sole remaining Defendant, the United States. In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized an implied cause of action for alleged violations of the Fourth Amendment. Id. at 389. This line of reasoning has been expanded to support similar causes of action under the Fifth and Eighth Amendments. See Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 67-68 (2001). However, Bivens implied a cause of action against federal agents who allegedly engaged in certain unconstitutional conduct; it did not, and does not, imply a direct cause of action against the United States government or any of its federal agencies. See Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 483-486 (1994).

Although Plaintiff's Complaint originally named individual federal officers as Defendants in addition to the United States, see Compl. at 1 (cm/ecf page), because the Complaint had been pled as an FTCA action, the United States was substituted as Defendant in place of the individually-named federal officers. R&R at 15-16, n.5; see also Notice of Substitution (Dkt. 17); Order of Substitution (Dkt. 20). Plaintiff did not then, and does not now,

object to the substitution of the United States for the individually-named parties; therefore, Plaintiff has waived any right to challenge the substitution action. See Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to".).[9] Consequently, Plaintiff cannot now attempt to maintain a Bivens action for any alleged constitutional violations.[10]

### D. Other Objections

In his objections, Plaintiff also makes reference to alleged wrongs that occurred during his resentencing in his previous criminal case: (i) that he was denied counsel upon his resentencing, Obj. at 4 (cm/ecf page); and (ii) that he failed to receive notice prior to his resentencing, id. Neither of these allegations was included in Plaintiff's Complaint, therefore neither is properly before the Court.[11]

Plaintiff's claim that he was without an attorney on his resentencing appears to have been raised for the first time in Plaintiff's response to Defendant's motion to dismiss. See Pl. Resp. to Def. Mot. to Dismiss at 5 (cm/ecf page) (Dkt. 24). Similarly, Plaintiff's objection that he was not given notice prior to his resentencing appears to have been raised for the first time before this Court. As a result, this latter claim suffers from the additional procedural defect of not being first presented to the Magistrate Judge. Claims not raised before the Magistrate Judge may

---

[9] The docket does reflect that Plaintiff filed a response to Defendant's Notice of Substitution, entered the same day that the Magistrate Judge granted Defendant's Notice of Substitution. See Pl. Resp. to Notice (Dkt. 19). However, Plaintiff filed no subsequent objections to the Magistrate Judge's actual order dismissing Plaintiff's claims against the individually named parties. The docket also does not reflect any attempts on the part of Plaintiff to amend or add parties to the Complaint.

[10] In light of the above decision, the Court determines that it is unnecessary to reach Plaintiff's additional objections regarding the R&R's recommended dismissal of Plaintiff's constitutional claims on alternative grounds.

[11] Plaintiff makes cursory references to his Sixth Amendment rights in his Complaint, but does not support those references with the specific facts he now alleges.

properly be deemed waived. See, e.g., Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (noting that parties are not permitted "to raise at the district court stage new arguments or issues that were not presented to the magistrate"); Swain v. Comm'r of Soc. Sec., 379 F. App'x 512, 517-518 (6th Cir. 2010) ("[A] claim raised for the first time in objections to a magistrate judge's report is deemed waived." (alteration in original) (citations and internal quotation marks omitted)). Plaintiff's claim is also contradicted by his own statement that he "repeatedly from 11/18/10 until writ[t]ed out on 1/19/11 from Elkton requested [his] essential legal matters from [] BOP officials for [his] re-sentencing." Obj. at 4 (cm/ecf page). This statement suggests that Plaintiff was aware, on some level, that his resentencing was impending as he requested materials in preparation for it. In any event, as is true with Plaintiff's other implied constitutional claims, a Bivens-style action cannot be maintained against the United States, the sole remaining Defendant.

Therefore, to the extent that these references to events that may have occurred during Plaintiff's resentencing are objections, these too are overruled.

### III.   CONCLUSION

For the foregoing reasons, the Court overrules Plaintiff's objections (Dkt. 30), accepts the recommendation contained within the Magistrate Judge's R&R (Dkt. 27), grants Defendant's motion to dismiss (Dkt. 21) and dismisses the Complaint (Dkt. 1) with prejudice.

SO ORDERED.


Dated: February 27, 2015         s/Mark A. Goldsmith
       Detroit, Michigan        MARK A. GOLDSMITH
                                United States District Judge

15

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 27, 2015.

s/Johnetta M. Curry-Williams  
Case Manager